26184. KELLY *v.* LOCKE *et al.*

DECIDED DECEMBER 4, 1937. REHEARING DENIED DECEMBER 18, 1937.

*C. L. Shepard, Memory & Memory,* for plaintiff.
*Martin, Martin & Snow,* for defendants.

MACINTYRE, J. By her next friend Mrs. W. S. Ammons, Mary B. Kelly, a minor, sued O. F. Davis and Raybun W. Locke, to recover damages for personal injuries resulting from a collision between the automobile in which the plaintiff was riding and the rear end of a trailer. A jury found for the defendants, and the plaintiff excepted to the judgment overruling her motion for new trial. Briefly stated, the case made by the petition is substantially as follows: The collision occurred about half-past seven o'clock on the night of February 7, 1936, on State Highway 38, and within the corporate limits of the City of Blackshear, at a place where the paved portion of the road was eighteen feet wide, and the north shoulder of it was "about four to five feet in width," and firm. The truck and trailer were each seven feet wide. "There was a light rain falling, and the highway was wet and somewhat slippery." Locke had parked the truck and trailer so that they were on the north side of the highway, headed in a westerly direction, with all their wheels on the pavement, except that "the tires on the double wheels next to the outer edge of the pavement were on"

the clay shoulder of the road. "DeWitt Carter was driving at a speed of approximately forty miles an hour as he approached the rear of the truck." Because of the lights of an approaching automobile, and the fact that the truck and trailer were painted a dark color and were without rear lights, the plaintiff and Carter could not see the said vehicles until their car was within less than 100 feet from the rear of the trailer—too late to avoid the collision; and the approaching automobile prevented Carter from avoiding the collision by driving to the left of the parked vehicles. Locke was operating said vehicles in the regular course of the business of O. F. Davis, who owned them. The specifications of negligence in the petition are substantially that Locke was negligent (a) in parking said vehicles as alleged, and in not driving them "to the extreme edge of said clay shoulder." (b) In parking the vehicles so that they were less than eight feet from the center of the highway, in violation of the act of 1935 (Ga. L. 1935, p. 443). (c) In not having "any rear lights burning on the truck and trailer," thereby violating the Code, § 68-302. (d) In parking where he did, "when he could have easily driven only about 175 feet further . . and removed his truck and trailer entirely off the highway."

Some of the pertinent averments of the defendants' answer are substantially as follows, by paragraph numbers: (4) "Defendants admit that . . Locke stopped said truck and trailer, but show that same were stopped by reason of an emergency by reason of the fact that one of the tires on the trailer suddenly went flat, making it dangerous and unsafe . . to proceed . . further." Admit that said vehicles were stopped less than eight feet removed from the center line of said highway, but show that the highway was eighteen feet wide, the shoulder four feet wide, and the vehicles seven feet wide, making it impossible to comply with said act of 1935. However, said vehicles "were stopped just as far removed from the center line of said highway as was physically possible." (7) Carter "was driving at a rate of speed of from fifty to sixty miles per hour as he approached . . said truck and trailer," and not forty miles an hour, as alleged. (9) "It was a physical impossibility to stop said truck and trailer eight feet removed from the center line of the highway, . . and . . said truck and trailer were so stopped by reason of an emergency."

(10) The act of 1935, supra, "has no application in this instance; and if same is applicable, it is unconstitutional," in (as alleged at length) that it is violative of designated provisions of the State and Federal constitutions. (15) "Locke was in the exercise of all ordinary care and diligence, and was in no way responsible for said collision, but . . same was brought about by . . the careless and negligent acts of . . DeWitt Carter and . . Mary B. Kelly." (16) Carter was driving "said automobile at . . from fifty to sixty miles per hour," in violation of two valid ordinances of the City of Blackshear—one fixing the maximum speed limit in that city at fifteen miles per hour, and the other "prohibiting the operator of an automobile from operating the same in a reckless manner." The answer denied that "there were no lights burning on the rear of said truck and trailer."

There was testimony to the effect that the trailer and truck (which were loaded with ten tons of sugar) could have been stopped nearer the edge of the shoulder of the road, and there was evidence to the effect that said shoulder was soft, and that said vehicles were stopped as near the outer edge of the shoulder, which was bordered by an eighteen-inch ditch, as they could be safely driven. There was testimony from which the jury could have concluded that the truck and trailer had rear lights on them, and testimony to the effect that they did not. There was no dispute that there was a place about 175 feet ahead of the truck and trailer, near a well-lighted store and filling-station, where those vehicles could have been parked entirely off the highway. The defendant Locke admitted that, but he testified in substance that it was necessary to examine the tires of the vehicles because of a sudden blowout on one of the tires of the trailer, and that he left his motor running while he made an examination, and that just as he got back in his truck, and before starting it, the automobile in which the plaintiff was riding struck the rear of the trailer. He further testified, in effect, that his truck and trailer had not been stopped over three minutes before the collision occurred. Witnesses estimated that the speed of the automobile in which the plaintiff was riding was, just before the collision, from forty miles an hour to a greater speed. The act of 1935 (Ga. L. 1935, p. 443), declares that *"it shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer,* or other

motor vehicle, or horse-drawn vehicle *on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such State-aid road or highway; and* such vehicle shall be so, parked that *no portion thereof shall be within eight feet of the center line of such State-aid road or highway."* (Italics ours.) The violation of this act is made a misdemeanor. It will be observed that the language of the statute is harsh, mandatory, and without any exception. However, the statute must be given a reasonable construction. See *Strickland* v. *State,* 137 *Ga.* 1 (72 S. E. 260, 36 L. R. A. (N. S.) 115, Ann. Cas. 1913B, 323). In construing the following statute: "It shall be unlawful . . to leave any vehicle standing upon the main traveled portion of any highway of this State; provided, that this provision shall not apply to any vehicle so disabled as to prohibit the moving of the same," Justice Bridges, speaking for the court in the case of Colvin *v.* Auto Interurban Co., 132 Wash. 591, 598, said: "Nor will such a reading of the statute make it unlawful to stop an automobile even for an instant for any purpose on any portion of the highway, unless it is 'so disabled as to prohibit the moving' of it. We know that on many of our highways one would be required to run his automobile mile upon mile before a place could be found where the machine could be entirely removed from the pavement. *The statute must be given a reasonable and workable construction. If there is proper excuse or necessity for stopping the car, it will be sufficient if a reasonable effort be made to get it entirely off the main traveled portion of the road, or as nearly so as the circumstances will permit."* (Italics ours.) The foregoing rule of reason has the approval of Blashfield and other accredited authorities, as well as of the appellate courts of many States. It is simple, well-stated, and applicable to many of the main issues in the instant case. It being perfectly apparent from the abbreviated statement of the issues and facts in this case that the verdict for the defendants is supported by evidence, we need only state in regard to the general grounds that they were properly overruled.

The ground of the motion for new trial complaining of the admission of certain evidence, is not insisted on, and is without merit. Another ground assigns error upon the following excerpt from the charge of the court to the jury: "Now under ordinary

circumstances, as a general proposition of law, no truck or automobile . . can be stopped in less than eight feet from the center line of the road. But the law does not require an impossibility; and if this road was of such width that it was a physical impossibility to park the truck eight feet from the center of the road, then this statute would not be applicable under such circumstances because the law does not require an impossibility. To make this perfectly plain, suppose the entire road was only twelve feet wide, it would be impossible to park any car on the road eight feet from the center, because if the open road was only twelve feet, you could not park a car eight feet from the center. That is the contention of the defendants. They say it was impossible to park that truck, under the circumstances of this case, eight feet from the center line of the road; and if that is true, the ordinance in question would not have any applicability to this case." In order to get a proper perspective of the assignments of error made in this ground, it is well to state that the court charged the act of 1935 immediately before instructing the jury as above stated; also that immediately following the excerpt above quoted the court charged the jury as follows: "On the other hand, the plaintiff contends the defendants are bound by the rule of ordinary diligence, and that they ought to exercise that care and prudence which every prudent man would exercise under similar circumstances, and if it was possible to get eight feet from the center of the road, he should have gotten out of the road. And she contends further that there was ample parking space up the road 175 feet. But you must determine from all the facts and circumstances whether a parking space could be had there if he parked within eight feet of the center of the road, or, by the exercise of ordinary care, he could have parked it more than eight feet. The defendants contend a certain emergency arose; that they had a blowout, and that they stopped as far on the extreme edge of the pavement as they could in that emergency, but that the car the plaintiff was in came over the hill and ran into them before they had time to get it off the road. If there was such an emergency and the truck-driver did all that was required in the exercise of ordinary care and diligence, that was all the law would demand of him, and the failure to park eight feet from the center line of the road would not be negli-

gence per se. On the other hand, if he did not exercise ordinary care and diligence and could have gotten off the road, he should have done so, and a failure to exercise that care would be negligence per se." Construing the excerpt complained of in connection with its context, we do not think that it had the effect (1) of excluding "from the consideration of the jury the contention of the plaintiff that the driver violated the statute . . by failing to move his truck as far as practicable on to the shoulder of the road, and thus failed to exercise ordinary care;" or (2) that it "was erroneous for the reason that it excused the driver from compliance with the statute . . if the actual highway, without the shoulder, was not of such width that it was possible to park thereon eight feet from its center;" or (3) that "it was calculated to lead the jury to believe that if it was not possible for the truck-driver to park on the actual paved highway eight feet from its center, he would not be guilty of a violation of the statute . . or of failing to exercise ordinary diligence in parking, regardless of where he parked;" or (4) that "the charge . . amounted to an expression by the court that the driver did not violate the statute in question by parking as he did." While the charge, with its context, might have been better expressed, we do not think that it discloses reversible error for any reason assigned.

Error is assigned upon the following excerpt from the court's charge: "The defendants' contention is that the cause of the accident was not the negligence of the driver of the truck, but the real, direct, and proximate cause of the accident was that the driver of the car in which the plaintiff was riding was negligent in coming over the brow of the hill without knowing what was in front of him at a speed, as they contend, of sixty or seventy miles an hour, and that this was the proximate cause of the accident. If it was, then the driver of the car the plaintiff was in would be the party . . responsible for the accident." The gist of the first assignment of error is that "the court ignored the rule that two or more acts of negligence may contribute directly and concurrently to bring about an injury, and that they together may constitute the proximate cause;" it being urged that, "although there was some evidence that the driver of the car in which plaintiff was riding was negligent, in view of the

fact that there was strong evidence that the driver of the truck was also negligent, this charge was extremely prejudicial to plaintiff." The second assignment of error is that the "charge was not sound as an abstract principle of law." The allegations of the plaintiff's petition clearly show that her action was predicated upon the theory that DeWitt Carter was entirely free from fault, and that the alleged negligence of the driver of the truck was the sole proximate cause of her injuries; and the same may be said of the evidence introduced by her at the trial of the case. Elsewhere the court charged the jury that there could be no recovery "if the negligence of the driver of the car was the sole proximate cause of the accident;" and he nowhere instructed them that the alleged negligence of the defendant Locke must be the *sole* proximate cause of the plaintiff's injuries. In these circumstances, we hold that the charge in question was not erroneous for either reason assigned.

Error is alleged because the court charged as follows : "You have got to decide whose negligence caused the accident. Was the negligence of the driver of the car in which the plaintiff was riding the direct and immediate cause of the accident? Or was the parking of the truck on the side of the road the immediate and direct cause of the accident?" Error is assigned because the charge "required the jury to find that either the negligence of the driver of the car, or the negligence of the driver of the truck, one or the other, was the cause of the injury, and prevented the jury from finding, as they might have done under the evidence, that the negligence of both drivers contributed concurrently and directly to bringing about the injury and together constituted the proximate cause." This assignment is very like the one in the previous ground, and, for reasons therein indicated, we hold that it is not erroneous.

Error is assigned because the court charged that the defendants contended that "there were lights on the rear and front of the truck and trailer, and that they complied with the law, and the contention of the plaintiff is that they did not comply," whereas "the plaintiff contended, and alleged in her petition, that there were no rear lights burning on the truck or trailer." The excerpt "was not calculated to confuse and mislead the jury into believing that if the defendants had lights burning on the

front of the truck, . . then they could not be charged with negligence in so far as lights were concerned." While we do not think that the statement of the court as to the contentions of the parties in regard to lights being on the front of the truck and trailer was strictly accurate, we are satisfied that it was not harmful error.

Error is assigned because the court instructed the jury, in effect, that there must be a causal connection between negligence and injury; and that if the alleged failure to have lights on the front of the truck and trailer had no connection with the collision, such failure, if it existed, would not be considered. While we do not think the charge should have been given, we are satisfied that it is no cause for a reversal of the judgment.

Error is assigned upon the following charge: "The defendants' contention is that the driver of the car in which the plaintiff was riding was well known to the plaintiff. They contend that Carter, the driver of the car, was a notoriously careless and incompetent driver and drove at dangerous and negligent rates of speed, and that when the plaintiff went to ride with him she knew his character as a driver, and that, knowing that, she assumed the risk of his driving. On the other hand, the plaintiff contends Carter was not a careless driver, that he was in the exercise of all ordinary care and diligence; that, whether he was a negligent driver or not, there is no evidence showing the plaintiff knew he was a negligent driver, and that she was not bound by any negligence on his part unless he was a notoriously careless driver and she knew that he was a careless and negligent driver." There was evidence that the plaintiff had ridden with Carter on previous occasions; the petition alleges that the pavement was wet and slippery, that the collision occurred in the limits in Blackshear (where the speed limit was fifteen miles per hour), and that Carter was driving at about forty miles an hour very shortly before the collision, at a time when the bright lights from an approaching automobile were shining in his face; and there was evidence that Carter was traveling much faster than forty miles an hour. Among other things, Mary B. Kelly swore: "I did not notice any difference in his driving that night and at other times." With this statement, we decline to hold that the charge was erroneous upon the ground that "there was no

pleading or evidence to justify" it. We hold that the ground discloses no reversible error.

Error is alleged because the court instructed the jury: "But if the plaintiff did not fail to observe ordinary care and diligence in regard to the driver, she would not be negligent, and the negligence of the driver would not be imputable to her; in other words, see if she was in the exercise of ordinary care and diligence in going to ride with . . Carter under the evidence." As in the previous ground, the gist of the assignment of error here is that the charge was not supported by either the pleadings or the evidence. The ground discloses no valid reason for reversing the judgment.

We deem it only necessary to say that there is no merit in the assignment that the charge of the court that the burden was upon the plaintiff "to prove by a preponderance of the evidence, first, that the defendants *were negligent in at least some of the particulars set out in the petition;* and second, that such negligence was the proximate cause of the injury complained of," was erroneous because the use of the italicised words "placed a greater burden of proof on the plaintiff than that imposed by law."

In view of the instructions quoted from the court's charge in special ground 2 of the motion for new trial, we hold that the court did not commit reversible error in failing to give the requested instructions set out in special ground 10. Having properly charged the law concerning the plaintiff's status as a guest of the driver of the automobile in which she was riding, the failure to give the requested charge upon that subject was not error.

The verdict for the defendants was supported by the evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J. concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. The plaintiff in her motion for rehearing, among other things, in effect contends that it is obviously unfair for this court to hold that it was not reversible error for the judge to fail to charge on an issue raised by the plaintiff's evidence but not distinctly raised by her pleading, where there was no request so to do, and at the same time to hold that it was not reversible error where the court charged on a pertinent issue

raised by the evidence of the defendants and not specifically pleaded in her answer. In a case like this one, where the plaintiff's petition is predicated upon the theory that the driver of the car in which the plaintiff was riding was not negligent, and that the negligence of the defendant Locke was the sole proximate cause of the injury, and the defendants' answer sets up that the negligence of the driver of the car in which the plaintiff was riding and of the plaintiff, Mary B. Kelly, was the sole proximate cause of the injury, and the judge charged on the contentions of the plaintiff as set out in the petition, and then on the contentions as set out in the answer of the defendant, and in effect said that if the defendants' negligence was the direct proximate cause of the injury, the plaintiff could recover (nowhere charging that such negligence must be the sole proximate cause), and also charged that the plaintiff could not recover if the negligence of the driver of the car was the sole proximate cause of the injury, he was thus following the pleadings in his charge. We think that the petition as pleaded by the plaintiff should bind her, for it is in effect a request for the court to try certain issues, and states that she expects to show certain facts, and in effect asks the court to follow the petition as a guide and a chart in trying the case, including the delivery of his charge to the jury. Then, if she wishes to add new issues she should do so by amendment, and the petition as amended would be a new request to the court, and if the court failed to follow the amended petition he would do so at his peril; and if the plaintiff wished to eliminate any of these issues or withdraw the implied request to follow the chart (petition) as originally submitted by her, she should do so by eliminating them from her petition by amendment; and if she does not do so, and the judge charges upon an issue stated in her petition but not supported by the evidence, the plaintiff, but not the defendant (for the defendant is not bound by any request made by the plaintiff), may be penalized by the grant of a new trial. The same principle applies to the defendant and his answer. He can not expressly or impliedly ask the court to use his answer as a chart and to try his case upon certain issues stated therein, and when the judge follows that answer as his guide in charging the jury, reverse the judge for doing what he requested him to do. Likewise, the plaintiff is not bound by any

request or allegation made in the answer of the defendant. Thus, in the instant case, if the evidence showed concurrent negligence and the plaintiff failed to amend her petition to cover this new issue, the failure of the court, in the absence of request, to specifically instruct on this contention of the plaintiff is not cause for a new trial when the verdict is against the plaintiff. "'Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial.'" *American Surety Co.* v. *Smith*, 55 *Ga. App.* 633, 642 (191 S. E. 137). Thus, as a general rule, if the parties want issues tried and wish to make it mandatory upon the judge to give instructions thereon, they should raise the issues in their pleadings. "Instructions of the court to the jury should be confined to issues made in the pleadings in the case." *Cordele Sash &c.* v. *Wilson Lumber Co.*, 129 *Ga.* 290 (58 S. E. 860). "The failure of the court to instruct the jury upon a contention of one of the parties not raised by the pleadings, although authorized by some evidence in the record, is not cause for a new trial. *McLean* v. *Mann*, 148 *Ga.* 114 (95 S. E. 985)." *Bridges* v. *Williams*, 148 *Ga.* 276 (2) (96 S. E. 499). "Instructions of the court to the jury should be confined to the issues made by the pleadings in the case, even though both the plaintiff's and the defendant's counsel, in their arguments before the court and jury, may have treated the case as embracing other issues between the same parties." *Martin* v. *Nichols*, 127 *Ga.* 705 (56 S. E. 995).

Of course, where a petition alleges that the injuries were due solely to the negligence of the defendant, if the evidence shows only concurrent negligence on the part of the defendant which was the direct, immediate, and proximate cause of the injury, a verdict for the plaintiff would be sustained even though the injury was not due solely to the negligence of the defendant, and this is true whether the judge charged specifically on concurrent negligence or not. On the other hand, a charge of the court based upon pertinent evidence admitted without objection was not cause for a new trial, "although in looking strictly to the

pleadings there may be nothing in the pleadings with reference to the evidence actually adduced upon the trial. The test which may generally be applied is whether the pleading could have been so amended as to relate to the evidence introduced. During the trial of a case the pleadings can not be so amended as to set forth a new and distinct cause of action; but where the evidence introduced is pertinent to the issue on trial, and relates to the same subject-matter and the same cause of action, so that the pleadings may be amended, he who would complain that the law as delivered by the court is not adjusted to the pleadings waives the right by failing to object to the introduction of the testimony when it is presented, or by moving to rule it out if it has been already introduced." *Rocker* v. *DeLoach,* 178 *Ga.* 480 (173 S. E. 709). See also *Simpson Grocery Co.* v. *Holley,* 51 *Ga. App.* 355, 357 (180 S. E. 501). Thus, if plaintiffs or defendants plead loosely and take their chances on the judge observing that they have introduced new issues by evidence only (not by the pleading), and the judge fails to charge on the new issues thus introduced, they who fail to plead the new issues and thereafter complain must suffer, and no one else; but if the judge does observe that new issues have been introduced by the evidence unobjected to, and the pleading could have been properly so amended as to relate to this evidence, and the evidence is pertinent to the issue on trial and relates to the same subject-matter and the same cause of action, "he who would complain that the law as delivered by the court is not adjusted to the pleadings waives the right by failing to object to the introduction of the testimony when it is presented, or by moving to rule it out if it has already been introduced." *Rocker* v. *DeLoach,* supra. If the plaintiff had not pleaded loosely, or at least indefinitely, and had not waived some of her rights by the failure to object to evidence in the trial court, she would not now be here complaining because the judge charged on an issue raised by the pertinent evidence of the defendants but not by their pleading, and because he did not specifically charge on an issue raised by the evidence of the plaintiff and not distinctly in the pleading; for had all the pertinent issues which the parties wished tried been distinctly alleged in the pleading as contemplated by the law, the judge would have readily seen the issues upon which they

wished him to charge and which they wished determined, and would have doubtless charged thereon.

We think the opinion in this case is fair and right and in accordance with the decisions of this court ' and the Supreme Court of this State. None of the other contentions made by the plaintiffs in the motion for rehearing are meritorious.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*