KELLY *v.* LOCKE *et al.*

No. 12278.  September 16, 1938.

622

*C. L. Shepard* and *Memory & Memory,* for plaintiff.

*Martin, Martin & Snow,* for defendants.

BELL, Justice. Mary B. Kelly, a minor, acting by next friend, filed a suit against O. F. Davis and R. W. Locke to recover damages for personal injuries. The defendants filed an answer admitting some of the allegations of the plaintiff's petition and denying others. The trial resulted in a verdict in favor of the defendants. The plaintiff's motion for a new trial was overruled, and she excepted. The judgment refusing a new trial was affirmed by the Court of Appeals. *Kelly* v. *Locke,* 57 *Ga. App.* 78 (194 S. E. 595). On application of the plaintiff, the writ of certiorari was granted by this court. The plaintiff was injured while riding as a guest in an automobile with DeWitt Carter. The defendant Davis owned a truck to which was attached a trailer. The truck and trailer were being operated by R. W. Locke, an employee of Davis, on State highway No. 38 and in the vicinity of Blackshear, Georgia. They were headed west, and were approaching Blackshear when they were stopped by the driver for two or three minutes on the highway, within less than eight feet from the center line. At this time DeWitt Carter was traveling in the same direction, and was approaching the truck and trailer from the rear. He discovered the trailer only after he had come over the brow of a hill, and being then, as the plaintiff contended, unable to stop his automobile in time, ran into the trailer, with the result that the plaintiff was injured. Contributing to his inability to pass the truck and trailer so as to avoid the collision was the fact that another automobile traveling in the opposite direction was approaching the truck at or about the same time.

The defendants in certiorari filed a motion to dismiss the writ, on the ground that it was improvidently granted, their contention being that no question of public concern is involved. It appears from the record that the highway in question is a State-aid road. Under the act of the General Assembly approved March 28, 1935 (Ga. L. 1935, p. 443), "It shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle, or horse-drawn vehicle, on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such

State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway." Both in the trial court and in the Court of Appeals construction of this statute was involved. The writ of certiorari was granted by this court mainly for the purpose of considering this statute, the proper construction of which was, and is still, deemed to be a matter of public gravity and importance. The motion to dismiss the writ of certiorari is therefore denied. Having thus acquired jurisdiction of the case, we will not only determine such questions as are raised in regard to this statute, but will also pass upon the other assignments of error contained in the petition for certiorari.

■ In reference to the act of 1935, the judge of the trial court instructed the jury as follows: "Now, under ordinary circumstances, as a general proposition of law, no truck or automobile . . can be stopped in less than eight feet from the center line of the road. But the law does not require an impossibility; and if this road was of such width that it was a physical impossibility to park the truck eight feet from the center of the road, then this statute would not be applicable under such circumstances, because the law does not require an impossibility. To make this perfectly plain, suppose the entire road was only twelve feet wide, it would be impossible to park any car on the road eight feet from the center, because if the open road was only twelve feet, you could not park a car eight feet from the center. That is the contention of the defendants. They say it was impossible to park that truck under the circumstances of this case eight feet from the center line of the road; and if that is true, the ordinance [statute] in question would not have any applicability to this case." In the plaintiff's motion for a new trial, this charge was assigned as error on the following grounds: (1) That it excluded "from the consideration of the jury the contention of the plaintiff that the driver violated the statute . . by failing to move his truck as far as practicable on to the shoulder of the road, and thus failed to exercise ordinary care;" (2) that the instruction "was erroneous for the reason that it excused the driver from compliance with the statute . . if the actual highway, without the shoulder, was not of such width that it was possible to park thereon eight feet from its center;" (3) that "it was calculated to lead the jury

to believe that if it was not possible for the truck driver to park on the actual paved highway eight feet from its center, he would not be guilty of a violation of the statute . . or of failing to exercise ordinary diligence in parking, regardless of where he parked;" and (4) that "the charge . . amounted to an expression by the court that the driver did not violate the statute in question by parking as he did." The Court of Appeals stated that the charge and its context "might have been better expressed," but concluded that it did not disclose ground for a reversal. In reaching this conclusion it was observed by that court that immediately preceding the excerpt complained of the judge had charged the act of 1935, and that immediately following it further instructions were given, as follows: "On the other hand, the plaintiff contends the defendants are bound by the rule of ordinary diligence, and that they ought to exercise that care and prudence which every prudent man would exercise under similar circumstances, and if it was possible to get eight feet from the center of the road, he should have gotten out of the road. And she contends further that there was ample parking space up the road 175 feet. But you must determine from all the facts and circumstances whether a parking space could be had there if he parked within eight feet of the center of the road, or by the exercise of ordinary care he could have parked it more than eight feet. The defendants contend a certain emergency arose, that they had a blowout, and that they stopped as far on the extreme edge of the pavement as they could in that emergency, but that the car plaintiff was in came over the hill and ran into them before they had time to get it off the road. If there was such an emergency and the truck-driver did all that was required in the exercise of ordinary care and diligence, that was all that the law would demand of him, and the failure to park eight feet from the center line of the road would not be negligence per se. On the other hand, if he did not exercise ordinary care and diligence and could have gotten off the road, he should have done so, and a failure to exercise that care would be negligence per se."

In the petition for certiorari it is averred that the Court of Appeals committed error as follows: "In holding that it was not error for the trial court to charge the jury that if the road at the place where the collision occurred was of such width that it was a

physical impossibility to park the truck eight feet from the center of the road, then the statute of 1935 (Ga. L. 1935, p. 443) would not be applicable under such circumstances, because the law does not require an impossibility, and in the same connection again charging to the same effect, thus emphasizing the instruction that the law would not apply if it was not possible at the place in question to park the truck and trailer fully eight feet from the center of the highway, notwithstanding it was contended by plaintiff that there was a place 175 feet further west adjacent to the highway from where the truck and trailer were parked and in the direction the defendant Locke was traveling, where they could have been parked entirely off the highway, and such place was apparent to Locke or could have been discovered by him by the exercise of ordinary care, and notwithstanding plaintiff also contended that Locke could have parked with safety further from the center of the highway than he did park, and that such negligence on the part of Locke was the proximate cause of plaintiff's injuries; and there was evidence to support all these contentions. Petitioner avers that the said ruling of the Court of Appeals was erroneous, because under the statute in question it was the duty of defendant Locke to drive his truck and trailer to such place where they could have been parked entirely off the highway, if such place was apparent to him or he could have discovered the same by the exercise of ordinary care and it was reasonably possible and safe for him to have driven the truck to such place, and that in any event defendant Locke was required under the law to park as far from the center of the highway as he could have done with safety; and therefore the ruling of the Court of Appeals on this question was contrary to law." We are of the opinion that the charge complained of was erroneous, as contended by the movant, in that it improperly instructed the jury that if the road was of such width that it was a physical impossibility to park the truck eight feet from the center line, the statute would in that case be inapplicable, because the law does not require an impossibility. Standing alone this charge would have constituted reversible error under the facts of the case, and we do not think the other instructions given in connection therewith were sufficient to cure the error. If these conclusions be correct, it necessarily follows that the Court of Appeals erred, as contended in the petition for

certiorari, in not reversing the judgment because of such error.

It is true that the act of 1935 must be given a reasonable construction, and that under such a construction it will not require an impossibility. But it does not cease to be applicable merely because the operator of a motor vehicle may, without fault on his part and in some emergency, find it necessary to stop the vehicle on the highway, even though from the narrowness of the road he is unable to park the vehicle so that "no portion thereof shall be within eight feet of the center line of such State-aid road or highway." In such case the statute is still applicable, and would require that the vehicle be parked as far from the center line as possible, consistently with ordinary care and diligence in view of the circumstances, having due regard for the safety of person and property, including the driver and his vehicle, as well as other persons and vehicles. The court did instruct the jury that if the driver of the truck "did not exercise ordinary care and diligence and could have gotten off the road, he should have done so, and a failure to exercise that care would be negligence per se;" but this charge does not seem to have had reference to the contention of the plaintiff that there was ample parking space at or near a filling-station about 175 feet ahead, to which the driver could have resorted in the exercise of proper diligence. It is true that this contention of the plaintiff was mentioned in the charge. It was immediately followed, however, with the statement, "But you must determine from all the facts and circumstances whether a parking space could be had there if he parked within eight feet of the center of the road, or, by the exercise of ordinary care, he could have parked it more than eight feet." This statement and others made in connection therewith were calculated to leave the impression that the driver had no duty of seeking parking space anywhere except at the point where the alleged emergency arose, and the charge as a whole might reasonably have been construed as eliminating the plaintiff's contention that the driver could in ordinary diligence have discovered and resorted to ample parking space only a short distance ahead. As we have stated, if there was not sufficient parking space at the point of the emergency, the statute would still be applicable and would require that the vehicle be parked as far from the center line as reasonably possible, in the exercise of ordinary care and diligence in view of the circum-

stances. But even this would not be sufficient to satisfy the statute unless there is no other available space to which the driver may resort in the exercise of ordinary care and diligence. Under the circumstances disclosed by the evidence, the jury would have been authorized to find that in the exercise of such diligence Locke could have driven the truck further on for a distance of about 175 feet, and by so doing could have parked the truck in full compliance with the statute. This question should have been plainly submitted to the jury as one of the material issues for their determination. What has been said as to the construction of this statute is in accord with several decisions by other courts, and no authority to the contrary has been cited. See Colvin v. Auto Interurban Co., 132 Wash. 591 (232 Pac. 365); Keller v. Breneman, 153 Wash. 208 (279 Pac. 588, 67 A. L. R. 92); Wilson v. Droege, 110 Cal. App. 578 (294 Pac. 726); Milbury v. Turner Centre System, 274 Mass. 358 (174 N. E. 471, 73 A. L. R. 1070); Knutson v. Farmers Co-op. Creamery, 180 Minn. 116 (230 N. W. 270); Chambers v. Cox, 222 Ala. 1 (130 So. 416); Dragotis v. Kennedy, 190 Minn. 128 (250 N. W. 804); 2 Blashfield on Automobiles, 325, 330, §§ 1192, 1194. It may be that the learned trial judge did not intend to eliminate the contention of the plaintiff as to the feasibility of driving the truck further along the highway to a point where lawful parking space could be found; but the charge as to inapplicability of the statute was clearly erroneous, and the subsequent instructions were not so plain as to cure the error. "The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Morrison* v. *Dickey,* 119 *Ga.* 698 (2) (46 S. E. 863). See also *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (2) (57 S. E. 91); *Gill* v. *Willingham,* 156 *Ga.* 726 (4) (120 S. E. 108). The Court of Appeals erred, as contended in the petition for certiorari, in not sustaining the second special ground of the plaintiff's motion for new trial.

Nothing said in this opinion should be understood as implying that where an owner or a driver of an automobile is guilty of negligence in reference to the condition of the vehicle, and as a result of such negligence it becomes necessary to stop or park upon

the highway, the emergency thus arising may be pleaded as an excuse for a failure to park as much as eight feet from the center line, even though the width of the highway may be insufficient for this purpose. Those who travel upon the highways in motor vehicles should exercise reasonable care to see that their vehicles are in such condition that the statutes regarding the highways may be complied with as written, and it would seem that their failure to do so could not be taken as ground for relaxing the law in their favor. In the instant case, however, it appeared from the evidence that neither the owner nor the driver was guilty of any negligence in regard to the tire, the bursting of which was the occasion of stopping upon the highway.

■ In special ground 3, numbered ground 6, of her motion for a new trial, the plaintiff assigned error upon the following charge of the court: "The defendants' contention is that the cause of the accident was not the negligence of the driver of the truck, but the real, direct, and proximate cause of the accident was that the driver of the car in which the plaintiff was riding was negligent in coming over the brow of the hill without knowing what was in front of him, at a speed, as they contend, of 60 or 70 miles an hour, and that this was the proximate cause of the accident. If it was, then the driver of the car the plaintiff was in would be the party . . responsible for the accident." It was contended by the plaintiff that even though negligence of the driver of the automobile in which she was riding may have been one of the proximate causes of her injuries, the negligence of Locke as the driver of the truck could also have been a proximate cause, and that in charging that if the negligence of the driver of the automobile was the proximate cause of the plaintiff's injuries the driver of this vehicle would be the party responsible, "the court ignored the rule that two or more acts of negligence may contribute directly and concurrently to bring about an injury, and that they together may constitute the proximate cause." A second contention was that the charge was not sound as an abstract principle of law. It was held by the Court of Appeals that the charge here in question was not erroneous for either reason assigned, and this ruling is assigned as error in the petition for certiorari. In view of the context, it is apparent that the phrase "the proximate cause" as contained in this excerpt was intended

by the court in the sense of "the sole proximate cause," and it must have been so understood by the jury. Accordingly, we agree that this charge was not erroneous for either reason assigned.

But in special ground 4, numbered ground 7, the plaintiff assigned error upon the following charge: "You have got to decide whose negligence caused the accident. Was the negligence of the driver of the car in which the plaintiff was riding the direct and immediate cause of the accident? Or was the parking of the truck on the side of the road the immediate and direct cause of the accident?" The assignment of error was as follows: "The charge . . required the jury to find that either the negligence of the driver of the car, or the negligence of the driver of the truck, one or the other, was the cause of the injury, and prevented the jury from finding, as they might have done under the evidence, that the negligence of both drivers contributed concurrently and directly to bringing about the injury and together constituted the proximate cause." In the petition for certiorari error was assigned on the ruling of the Court of Appeals to the effect that the quoted charge was not erroneous, the assignment of error being similar to that contained in the motion for a new trial. The language of this charge was susceptible of the construction that the jury were obliged to decide as between two alternatives, namely, whether the negligence of the driver of the automobile was the proximate cause, or whether the proximate cause was the parking of the truck on the side of the road by the defendant Locke; and it is our opinion that the assignment of error thereon in the motion for a new trial was well taken. Under the evidence, the jury could have found that concurrent negligence of the two drivers mentioned constituted the proximate cause of the plaintiff's injuries, and in this view could have found for the plaintiff, despite the negligence of the driver of the automobile in which she was riding. This is true notwithstanding the fact that the petition may have alleged in effect that there was no negligence or fault on the part of the driver of such automobile. See *Smeltzer* v. *Atlanta Coach Co.*, 49 *Ga. App.* 755 (2) (176 S. E. 840); *Shermer* v. *Crowe*, 53 *Ga. App.* 418 (3) (186 S. E. 224). Where a plaintiff alleges more than is necessary to entitle him to recover, but yet proves a sufficiency of the averments to show the defendant liable, his case does not fail merely because he does not prove every

relevant fact alleged in his petition. *Orr* v. *Dawson Telephone Co.*, 35 *Ga. App.* 560 (133 S. E. 924). In the circumstances, the jury should not have been compelled to decide the case by a mere choice ·as to whose negligence constituted the proximate cause. The Court of Appeals erred in holding that this charge was not erroneous.

■ In the seventh special ground, numbered ground 10, of the motion for new trial, the plaintiff assigned error on the following charge: "The defendants' contention is that the driver of the car in which the plaintiff was riding was well known to the plaintiff. They contend that Carter, the driver of the car, ·was a notoriously careless'and incompetent driver and drove at dangerous and negligent rates of speed, and that when the plaintiff went to ride with him she knew of his character as a driver, and that, knowing that, she assumed the risk of his driving. On the other hand, the plaintiff contends Carter was not a careless driver, that he was in the exercise of all ordinary care and diligence; that whether he was a negligent driver or not, there is no evidence showing the plaintiff knew he was a negligent driver, and that she was not bound by any negligence on his part unless he was a notoriously careless driver and she knew that he was a careless and negligent driver." As to this ground the only assignment of error contained in the petition for certiorari was "that said ruling of the Court of Appeals that said charge 'was not erroneous is contrary to law, because neither the pleadings nor the evidence authorize such a charge, and it could not but be seriously harmful to the plaintiff, because it injected into the case an issue not made by the pleadings nor the evidence, and it was calculated to confuse and mislead the jury, and to cause them to believe that the burden was on the plaintiff to show that DeWitt Carter, the driver of the automobile in which she was riding, was not a careless and negligent driver." The charge was not erroneous, as contended, on the ground that it was not authorized by the pleadings. ·Under the defendants' general denial · that their own negligence was the proximate cause of the injuries, it was permissible to show that the plaintiff's injuries were caused by anything else. *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (7) (49 S. E. 818) ; *Savannah Electric · Co.* v. *Jackson*, 132 *Ga.* 559 (4) (64 S. E. 680). The only evidence which might be considered as authoriz-

ing this charge was as follows: DeWitt Carter testified that as he came over the brow of the hill he was traveling at a speed of 40 to 50 miles per hour. C. L. Harris testified that on the same occasion, shortly before the collision, Carter was traveling 60 or 70 miles per hour "or may be better." The plaintiff herself testified: "I do not know how fast Mr. Carter was driving, not exactly. I have not had any experience to judge the speed of automobiles. I don't know how fast he was going. . . I have known DeWitt Carter about eight years, and have ridden with him before very much. . . I don't know how fast we were going. I got in the car at my home, about seven miles from Blackshear. . . I have been in the habit of riding with DeWitt Carter frequently. He drives all right. He does not drive fast. I don't know whether he has ever driven fast or not. He has never driven very fast with me. I don't know what you call very fast. I don't know whether I have ever seen him drive sixty miles an hour. I never paid any attention to the speedometer. I never noticed how fast he was driving. Before the accident I never did ride fast. I don't know whether or not I rode fast. I don't know what you call riding fast. . . I have ridden with Mr. Carter lots, about twice a week. We would go to Blackshear and Waycross and other places. I did not notice any difference in his driving that night and at other times. He was driving like he had been all the time. I never mentioned to him that he was driving too fast. I never asked him to slow down. I was eighteen years old in February."

It can not be said that this evidence was insufficient to authorize the charge here under consideration. In the circumstances, the jury were not compelled to believe the testimony of the plaintiff in its entirety, but could have found from her testimony and that of C. L. Harris, considered together, that Carter, to her knowledge, was accustomed to drive at excessive and dangerous rates of speed, and was therefore in that respect an incompetent driver. *Sappington* v. *Bell,* 115 *Ga.* 856 (42 S. E. 233). If such was his character as a driver and the plaintiff had knowledge of it from her frequent rides with him over a period of years, it would be immaterial whether he was *notoriously* careless or not. Moreover, if on this occasion he was driving at a speed of 60 to 70 miles per hour "or better," and if in so doing "he was driving like he had

been all the time," it would not, in view of such habit and custom, be a strained inference that he was a "notoriously careless and incompetent driver." Nor was the charge erroneous for other reasons stated in the petition for certiorari. Accordingly, the ruling of the Court of Appeals in reference thereto must be affirmed. The conclusion here stated will apply also to the charges assigned as error in special grounds numbered 11 and 12 in the motion for new trial and to the rulings of the Court of Appeals in reference thereto. This is not to say that these charges were not erroneous *for any reason.* Only the questions raised in the petition for certiorari are being decided.

■ In special grounds 5 and 6, numbered in the motion for a new trial as grounds 8 and 9, the plaintiff assigned error upon two excerpts from the charge of the court, upon the asserted ground that they contained erroneous statements of the plaintiff's contentions. It was held by the Court of Appeals that these instructions were incorrect, but not cause for a reversal. Since a new trial will ultimately be granted because of other errors pointed out in this opinion, and since it is unlikely that the charges here in question will be given upon another trial, we need not consider whether the Court of Appeals should have held that these charges contained reversible error.

In one of the grounds of the motion for new trial, numbered by the movant as ground 15 but referred to by the Court of Appeals as special ground 10, the plaintiff assigned error upon the refusal of the judge to charge, on written request, as follows: "In connection with the contentions of plaintiff and defendants that I have just mentioned, I charge you that if you find that it was necessary for said defendant Locke to park said truck and trailer at the place where they were parked on account of a tire on the rear wheel of the trailer suddenly becoming deflated and going flat, and you further find that on account of the narrowness of the clay shoulder at said point on said highway it was impossible for said defendant to comply with the law requiring that no portion of said truck and trailer should be within eight feet of the center of the highway, and defendant Locke complied with this law as nearly as it was practicable for him to do, then defendant would not be guilty of negligence by reason of the parking of said truck and trailer as they were parked. On the other hand, I charge you

that if you find that the defendant could have parked said truck and trailer further to the right from the center of the highway on the clay shoulder and failed so to do, or if you find that the defendant could have proceeded with safety to a place where he could have parked the truck and trailer far enough from the center of the highway to comply with the requirements of the law, and he failed so to do, then you would be authorized to find that said defendant Locke was guilty of negligence; provided that said defendant would not in any event have been required to proceed further with said truck and trailer unless it was apparent to him that by so doing he could have found a place to park them in compliance with the requirements of the law, or you find that by the exercise of ordinary care he could have discovered that such place was available to him." In view of what we have held in the first division of this opinion, it is apparent that such a charge would have stated as against the defendants too strict a rule of conduct, in that it would have placed upon them a duty greater than that of ordinary diligence. For instance, in the first sentence reference is made to what may have been "impossible" and also to compliance with the law "as nearly as practicable." The second sentence refers in two instances to a finding by the jury as to what the defendants *could* have done. Each of these statements should have been appropriately qualified in such manner as not to require of the defendants a greater duty than that of ordinary diligence; and in the absence of any such qualification the charge would have been objectionable. This is true even as to the concluding part of it, where instead of the word "or" the word "and" should have been employed. For the reasons here stated, it was properly held by the Court of Appeals that the refusal to charge as thus requested was not reversible error. *Judgment reversed. All the Justices concur, except*

ATKINSON, P. J., who dissents from the rulings in the second and third divisions of the opinion.