26184. KELLY *v.* LOCKE *et al.*

DECIDED OCTOBER 31, 1938.

*C. L. Shepard, Memory & Memory,* for plaintiff.
*Martin, Martin & Snow,* for defendants.

MacINTYRE, J. 1. "Under an act of the General Assembly approved March 28, 1935 (Ga. L. 1935, p. 443), it is 'unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle, or horse-drawn vehicle on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway.'

"(a) This statute must be given a reasonable construction, and not be so construed as to require an impossibility.

"(b) It does not cease to be applicable, however, merely because the operator of a motor vehicle may, without fault on his part and in some emergency, find it necessary to stop the vehicle on the highway, even though from the narrowness of the road he is unable to park so that 'no portion thereof shall be within eight feet of the center line of such State-aid road or highway.'

"(c) In such case the statute is still applicable, and would require that the vehicle be parked as far from the center line as possible, consistently with ordinary care and diligence in the circumstances.

"(d) But even such parking as far as reasonably possible from the center line, at the point of the emergency, would not be sufficient to satisfy the statute, unless there is no other available space to which the driver, in the exercise of such care and diligence, may resort for parking in accordance with the law as written.

"(e) Accordingly, although there may be no sufficient space at the immediate point of the emergency, yet if the vehicle can consistently with the law and common prudence be moved to some other area where lawful space may be had, the driver should under the law pursue the latter course.

"(f)  In the instant suit for damages, the trial judge, referring to the act of 1935, charged the jury as follows: 'Now, under ordinary circumstances, as a general proposition of law, no truck or automobile . . can be stopped in less than eight feet from the center line of the road.  But the law does not require an impossibility; and if the road was of such width that it was a physical impossibility to park the truck eight feet from the center of the road, then this statute would not be applicable under such circumstances, because the law does not require an impossibility.  To make this perfectly plain, suppose the entire road was only twelve feet wide, it would be impossible to park any car on the road eight feet from the center, because if the open road was only twelve feet, you could not park a car eight feet from the center.  That is the contention of the defendants.  They say it was impossible to park that truck under the circumstances of the case eight feet from the center line of the road; and if that is true, the ordinance [statute] in question would not have any applicability to this case.'  Under the foregoing rulings, the charge was error as against the plaintiff, and the error was not cured by other instructions given.  It follows that the judgment overruling the plaintiff's motion for new trial should have been reversed by the Court of Appeals, because of such error.

2.  "The judge charged the jury as follows: 'You have got to decide whose negligence caused the accident.  Was the negligence of the driver of the car in which the plaintiff was riding the direct and immediate cause of the accident?  Or was the parking of the truck on the side of the road the immediate and direct cause of the accident?'  This charge was erroneous because it was open to the construction that it 'required the jury to find that either the negligence of the driver of the car, or the negligence of the driver of the truck, one or the other, was the cause of the injury, and prevented the jury from finding, as they might have done under the evidence, that the negligence of both drivers contributed concurrently and directly to bringing about the injury and together constituted the proximate cause.'  Accordingly, the Court of Appeals erred in holding that this charge was not erroneous."  *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754).

In accordance with the above rulings, the decision of this court,

560

rendered on December 4, 1937 (57 *Ga. App.* 78, 194 S. E. 595), is withdrawn and vacated, and the judgment of the trial court is *Reversed. Broyles, C. J., and Guerry, J., concur.*