## 12962.   CITY OF OCILLA v. LUKE.

BROYLES, C. J.   1. The alleged errors of commission and omission in the charge of the court, when considered in connection with the entire charge and the facts of the case, do not require a reversal of the judgment below.

2. The common-law rule that contributory negligence by a plaintiff prevents a recovery has been changed in this State by the code.   Civil Code (1910), §§ 2781, 4426.   The rule of force in this State is that where there is negligence by both parties which is concurrent and contributes to the injury sued for, a recovery by the plaintiff is not barred, but his damages shall be diminished by an amount proportioned to the amount of the fault attributable to him, provided that his fault is less than the defendant's, and that, by the exercise of ordinary care, he could not

have avoided the consequences of the defendant's negligence. Alabama G. S. Ry. Co. *v.* Coggins, 32 C. C. A. 1 (88 Fed. 455); 32 C. C. A. 1; *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S. E. 29); *Central Railroad &c. Co.* v. *Newman,* 94 *Ga.* 560 (21 S. E. 219); *Jones* v. *Tanner,* 26 *Ga. App.* 140 (105 S. E. 705); *Central Railway Co.* v. *Larsen,* 19 *Ga. App.* 413, 417 (91 S. E. 517); *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (3 *b*) (59 S. E. 442).

3. This was a case where the owner of an automobile, who while driving it at night ran it against an obstruction in one of the public streets of the City of Ocilla, brought suit against the city for alleged damage to the automobile. Upon the trial there was some evidence which authorized the jury to find that the city was negligent in allowing the obstruction to remain in the street for one or two weeks. The evidence further showed that the plaintiff was negligent per se in failing to have upon his automobile, while it was being operated at night, the lights required by law. It was, however, a question for the jury to determine whether this negligence of the plaintiff was the sole cause of the injury, or whether it was merely contributory thereto. It was also for the jury to say whether the negligence of both parties was concurrent and contributed to the injury, and whether the fault of the plaintiff was less than the fault of the defendant, and whether the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence. The finding of the jury upon these questions was not unsupported by any evidence, and, the verdict having been approved by the trial judge and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., disqualified.*
                    DECIDED FEBRUARY 16, 1922.

Action for damages; from Irwin superior court — Judge Eve. August 25, 1921.

*H. E. Oxford, Quincey & Rice,* for plaintiff in error.
*Philip Newbern,* contra.