19066.  FORSTER, administrator, v. SOUTHERN RAILWAY COMPANY.

JENKINS, P. J.  1. A railroad company can not be held liable for an injury received by a passenger while being transported over the company's lines by virtue of a gratuitous pass which provides that the passenger assumes "all risk of personal injury and of loss of or damages to property from whatever causes arising," unless the injury was inflicted wilfully and wantonly. *Lanier* v. *Bugg*, 32 *Ga. App.* 294 (1) (123 S. E. 145).

2. To authorize a recovery against a railroad company for injuries to a person received while riding on such a free pass, the plaintiff should allege and show that the conduct of the defendant was "such as to evince a wilful intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences, where human life or limb was involved, as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Central of Ga. Ry. Co.* v. *Moore*, 5 *Ga. App.* 562 (1), 565 (63 S. E. 642) ; *Southern Ry. Co.* v. *Davis*, 132 *Ga.* 812, 816 (65 S. E. 131) ; *Harris* v. *Reid*, 30 *Ga. App.* 187 (2) (117 S. E. 256).

3. In the instant case the petition as amended alleged: that the plaintiff was on board a northbound passenger train, riding on a free pass; that orders had been given the engineer in charge of the train to go into a siding at a designated station to permit a southbound passenger-train to pass, and that orders had been given the engineer in charge of the southbound train to keep to the main line at that station; that the engineer of each train had been apprised of the orders given to the other; that the engineer of the northbound train, as it approached the station, thus knew that the southbound train was on the main line at the station, and that in violation of his expressed orders, and while conscious of his actions, and without having overlooked or misinterpreted his orders, he wilfully ran the northbound train, traveling at a high rate of speed, over the main line and into the southbound train standing on the main line at the station where the northbound engineer had orders to take the siding.  It is alleged that these acts constitute wilfullness and wantonness on the part of the defendant company, and that the injury to the plaintiff was wilfully and wantonly inflicted.  *Held:* The allegations of the petition, which, in judging their sufficiency as against a general demurrer, must be taken as true, would authorize a jury to find that the injury to plaintiff was occasioned by "that entire absence of care which would raise the presumption of conscious indifference" on the part of the defendant's engineer, or that, with reckless indifference, he "acted with actual or imputed knowledge that the inevitable or probable consequence of his conduct would be to inflict injury." *Harris* v. *Reid*, supra; New York Central R. Co. *v.* Mohney, 252 U. S. 152 (40 S. Ct. 287, 64 L. ed. 502, 9 A. L. R. 496).  Accordingly, the court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed.  Stephens and Bell, JJ., concur.*

DECIDED JANUARY 22, 1929.

*Porter & Mebane,* for plaintiff.

*W. H. Trawick, C. C. Bunn, Maddox, Matthews & Owens,* for defendant.