19942. LESTER *v.* FOSTER.

DECIDED NOVEMBER 12, 1929.

*Shelfer & Dunaway,* for plaintiff.

*George & John L. Westmoreland, Joseph B. Jones,* for defendant.

BLOODWORTH, J. In the city court of Atlanta Mrs. J. B. Lester sued S. W. Foster for damages, alleging in part that she was the lessee of a unit of an apartment house in Atlanta, owned by the defendant; that about 9.30 p. m. on March 19, 1928, said building "caught fire in the basement and burned through to the roof from front to rear;" that the defendant was "under duty to employ and keep on the premises a full-time janitor;" that in violation of this duty he employed a negro who lived on the premises and who "acted as janitor for the premises at the said address occasionally and when off duty at his regular place of business;" that this negro was "incapable, incompetent, and unqualified to perform the duties of janitor;" that "said fire originated in the basement in the rear of said apartment building, and said negro janitor, being present at the time and place without giving any warning or notice of any kind to plaintiff or to any other tenant in said apartment, attempted to put out said fire alone and unassisted, and continued in said effort long after the flames had become ungovernable and were beyond his control;" that said janitor had reasonable opportunity to notify the plaintiff of said fire and to notify the fire department of the

city of Atlanta, but he "wilfully and negligently failed and omitted to give any alarm of said fire;" that plaintiff had no notice that the apartment house was on fire until her apartment was on fire and was beginning to fill up with smoke, and that "when she attempted to make an exit from the building" she discovered that the staircases in the front and in the rear of said building—both avenues of escape—were obstructed by smoke and flame which "completely cut off every avenue of escape except from a second-story window, defendant having failed to provide fire escapes of any kind or character for the occupants of said building to be used in case of emergency;" that she "escaped from said burning building by crawling out of a front second-story window of the building to a tin ledge over the entrance to said apartment building," where she remained until the heat became unbearable and she was physically exhausted, causing her to drop to the ground and causing serious injuries to her person; that as a result of said injuries the plaintiff was totally disabled for many weeks, and will be partially disabled for a long time to come. She alleges also that as a result of the failure of the janitor to notify her she lost a considerable amount of personal property. She alleges that "defendant was negligent through his agent and servant in the following particulars: (a) in failing to notify plaintiff of said fire upon the discovery of the same; (b) in failing to turn in the fire alarm to the fire department of the city of Atlanta; (c) in attempting to put out said fire and continuing to combat said flames without notifying the tenants of the apartment, including plaintiff, after it became apparent that said fire had gotten beyond the control of said janitor, (d) in failing to notify said tenants, including plaintiff, of said fire prior to the time every means of exit from said building had been cut off by the flames and smoke; (e) in not placing a ladder at said ledge under said window after he had discovered plaintiff's perilous situation." It is alleged that "defendant was further negligent, (a) in that he failed to provide adequate fire escapes from said building other than the regular avenues of ingress and egress from said building; (b) in that he failed to exercise ordinary care and diligence in the selection of a competent janitor; (c) in that he failed to exercise ordinary care and diligence in employing only a part-time janitor."

The defendant filed a demurrer as follows: "1. That said peti-

tion fails to set forth sufficient facts to constitute a good and valid cause of action against this defendant. 2. That the petition shows on its face that there is not a good and sufficient cause of action against this defendant set forth." The demurrer was sustained and the case dismissed.

The court did not err either in sustaining the demurrer or in dismissing the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*