27402. PAYNE *v.* A. B. C. TRUCK LINES INC. *et al.*

DECIDED OCTOBER 27, 1939. REHEARING DENIED NOVEMBER 13, 1939.

*Maddox & Griffin,* for plaintiff.

*Wright & Covington, Raymond Ramsey,* for defendant.

FELTON, J. Mrs. Leonora Payne sued Frank Broom and the A. B. C. Truck Lines Inc., for negligence alleged to have caused the death of her husband. She alleged that the driver of the company's truck illegally parked it near the center line of Broad Street in Rome, Georgia, in violation of a valid ordinance of that city, and in violation of a penal law of this State as contained in the Code, § 68-314; and that as her husband attempted to pass another car at night he ran into the parked truck, and died shortly after the collision from the injuries received. The court sustained demurrers to the petition, and struck the allegations with reference to violation of the Code, § 68-314. After introduction of evidence by the plaintiff, the court ordered a nonsuit. The plaintiff excepted to these rulings.

This is a close case on the facts, but we are of the opinion that it should have been submitted to a jury. The evidence was that the truck parked near the center of the street was of a dark color; that the streets were well lighted; that the lights on the car of the husband of the plaintiff were burning brightly, etc. It is not necessary to set forth all the evidence. One witness testified concerning the actual collision. We quote his testimony: "I saw this truck that was parked in the middle of the street; it was headed south, and the left front wheel lacked about as much as I indicate on my hands being on the yellow traffic line, which is three or four inches, and the left rear wheel was probably that

much over the line, and with the body of the truck in the first traffic lane on the west side of the street. I saw the automobile in which Mr. Payne was riding before the crash came. I could not say, from where I was, how far he was from the center of the street, but he was trailing another car, and he cut to pass the other car, or it appeared that he did, and I turned my head just in that second, and I heard the crash and looked back, and when he hit the back of the truck he swerved out and came back and hit the front of the truck again, and then ran into the sidewalk and stopped. In my judgment I would say that car was traveling thirty to thirty-five miles per hour. He went around this car in front of him, to pass it; and just at that time the crash came. I did not ever know who was in the car he passed there. I don't think that car ever stopped. I think it went on down the street. It was either a 1934 or 1935 Plymouth; I don't know which. That was on the same side of the street that I was, and the automobile was coming towards me; and when it came into the curb on Broad Street, I would say it was forty or fifty feet away from the collision. The truck was parked almost directly in front of the Lyric Cafe, which is up the street from the monument near the center of the block. I went up to the truck and saw the back of it. When I got there I did not see any lights on the back of the truck. I tried to find where the automobile had hit the end of the truck; you could hardly distinguish where it hit it; it was metal, and the best I remember it was black and yellow. I am not sure about the color. It had big yellow letters on the side of the truck body, the truck body being black. As to whether the truck body was apparently painted with ordinary paint, or having a sheen or gloss to it like an automobile, I would call it very ordinary paint, not an outstanding color at all; in other words, just what we call a dull black. I got within four or five feet of Mr. Payne that night, and did not smell any odor of whisky on him. There [that] was along there on the west side of Broad Street at that time. I could not give you an estimation of how far this Plymouth automobile that I spoke of this car was passing was from the truck when this car cut around the side of it. In other words, I was coming up the street, and just was looking right in the face of the car."

The effect of this testimony is that the instant the deceased tried to pass the car in front of him he hit the truck, which was illegally

parked in the center of the street. This was sufficient to carry the case to the jury. The evidence does not show conclusively and as a matter of law that the deceased could have avoided the consequence of defendant's negligence, after it was discovered, by the exercise of ordinary care, or that the proximate cause of· the injury was the deceased's failure to exercise ordinary care. These are ·questions for the jury, except in clear and unmistakable cases; and this case is not one of those. The deceased had a right to rely on the supposition that there would be no truck parked in the center of the street. From the evidence he could not have been far from the parked truck when he attempted to pass the car. He was driving about thirty or thirty-five miles per hour. The evidence did not demand a finding that he was intoxicated. Whether he could have avoided the accident by the exercise of ordinary care is a question for a jury, under the record. *Christian* v. *Macon Railway & Light Co.,* 120 *Ga.* 314 (47 S. E. 923) ; *Hankerson* v. *S. W. R. Co.,* 59 *Ga.* 593; *Syms* v. *Central of Georgia Ry. Co.,* 17 *Ga. App.* 699 (87 S. E. 1091) ; *Jones* v. *Tanner,* 26 *Ga. App.* 140 (105 S. E. 705) ; *City of Ocilla* v. *Luke,* 28 *Ga. App.* 234 (110 S. E. 757) ; *Bach* v. *Bragg,* 53 *Ga. App.* 574 (186 S. E. 711) ; *Bowe* v. *Bell,* 54 *Ga. App.* 829 (189 S. E. 269) ; *Western & Atlantic Railroad Co.* v. *Ferguson,* 113 *Ga.* 708, 714 (39 S. E. 306, 54 L. R. A. 802) ; *Williams* v. *Southern Ry. Co.,* 126 *Ga.* 710 (55 S. E. 948). The court erred in granting a nonsuit.

■ Code, § 68-314, which declares that "It shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle, or horse-drawn vehicle on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway," was not intended to include streets within the corporate limits of municipalities. *Payne* v. *A. B. C. Truck Lines,* 189 *Ga.* 112 (5 S. E. 2d, 241).

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*