30809.   SUMNER *v.* THOMAS *et al.*

DECIDED APRIL 12, 1945.

Rowland & Rowland, R. M. Daley, for plaintiff.

Martin, Martin & Snow, William Brunson, Lester F. Watson, for defendants.

GARDNER, J. We have given the evidence in substance and in many instances in detail, in order that we might, in the light of it, discuss the contentions. The petition alleges three acts of negligence: (1) That the bus did not have the "red taillight" required by the statute under the Code, § 68-302; (2) that the operator of the bus gave no warning; (3) that the bus was parked

within eight feet of the center line of the highway. The evidence presents two questions for decision: (a) Does the evidence sustain the allegations of negligence, or either one of them? and (b) if such negligence is established from the evidence, then did the plaintiff know of such negligence on the part of the defendant or could he by the exercise of ordinary care have become aware of such negligence and thereafter by the exercise of ordinary care have avoided the consequences of the defendant's negligence?

The plaintiff nowhere states in his evidence that the bus was not equipped with lights as required by the law. Neither does he state that an additional flare light was not placed behind the bus after it was parked. The extent of his testimony is that he never saw any lights at all; that he did not even see the bus itself until he was within twelve feet of it. He did testify that his car was equipped with proper headlights which cast a beam a distance of 200 feet.

As to the other act of negligence, it is conceded by the plaintiff that the bus was parked within eight feet of the center line of the highway. The evidence is undisputed that the bus was a passenger-carrying school bus painted yellow; that the night was clear and cool; that the dome lights inside the bus were all burning; that there were three large glass windows in the back of the bus through which the lights from the inside could be seen for a considerable distance; that from the point of the collision to the point in the road for over half a mile from the direction from which the plaintiff was approaching the bus the road was practically straight with a very slight decline; that all the lights on the bus—taillights and other lights—were burning; that in addition thereto there was a flare behind the bus, either immediately back of the bus or within 100 feet back of the bus; that a number of witnesses who were asked the question stated that under all the circumstances there was no reason at all why the plaintiff in the exercise of ordinary care could not have discovered the bus and avoided the injury; that the plaintiff was driving 45 miles per hour, according to his own admission, with no defect in his vision, and approaching a stopped bus, did not slow down, did not sound any warning, and did not see the bus or any of the people behind it until, in his own language, he testified that: "There is nothing that I know of

wrong with my eyesight and I am used to driving at night. I am not accustomed to running up on things in the road and getting within twelve feet of them before I see them, if they have any signal. I do not know how many lights Mr. Dukes had on the bus. When I saw the bus it was the back of it. There were people bunched up there and they scattered. I saw more bus than I did lights. I couldn't have been much further than twelve feet from the bus when I first saw it, and I suppose the bus was standing still. I made an effort to go around on the left side of it, but I don't know whether I had sufficient space or not, but if there had not been anything on that side of the road I am sure I could have passed it if I had seen it in time. Since I was unable to see it until I got within twelve feet of it I was unable to dodge it. . . The first thing that I remember seeing before I hit the bus was the crowd just opened up. I had seen no lights before I hit it. When the crowd opened up I hit it. I did not have time to stop." The evidence further shows, undisputedly, that between the time when the bus parked and the time of the collision, a number of motor vehicles had approached the bus from the rear and passed to the left of it without difficulty, including automobiles and large oil trucks, and none of them had any difficulty in passing. So far as the evidence shows, the same conditions prevailed when these conveyances passed as prevailed when the plaintiff ran into the bus.

As to the first two allegations of negligence, the evidence wholly fails to establish either of them. While it is true that no witness positively testified that the taillight measured up to the requirements of the statute, still none of the evidence shows that it did not. There is evidence that the taillights were burning and the presumption is that they met the requirements of the statute. The burden was on the plaintiff to show that they did not. There is considerable evidence as to just how far to the right of the center line of the road the bus was parked or could have parked safely, and there may be some question as to whether the driver of the bus complied with the provisions of the Code, § 68-314, as construed by the Supreme Court in *Kelly* v. *Locke*, 186 *Ga.* 620 (198 S. E. 754), but under the facts of the instant case we think it might with propriety be conceded but not decided that the driver did not meet such requirements. Even then we think the court properly directed a verdict for the defendant. The fundamental law of

this State underlying all acts of negligence of this sort is set forth in the Code, § 105-603, as follows: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." This court said in *Georgia Power Company* v. *Maxwell*, 52 *Ga. App.* 430 (3) (183 S. E. 654): "The rule of law that in order for the plaintiff to recover he must have exercised ordinary care to avoid the consequences to himself of the defendant's negligence is not limited to negligence which may have been actually discovered, but it extends to negligence which might have been discovered by exercise of ordinary car by the plaintiff." The question as to just why the plaintiff failed to discover the bus until he was within twelve feet of it, naturally arises in one's mind—the night was clear, the road was straight, his visibility was good for over a half mile, and the decline in the road was slight. It would seem that an ordinary person, in possession of all his faculties, in the exercise of ordinary care, would have seen the bus. The evidence shows that the plaintiff had not had any sleep for upwards of 18 hours. His brother, who was sitting beside him, had already fallen asleep. Then too, there is considerable evidence that the plaintiff had been drinking. However, he denied this and that would make it a jury question. So if we are permitted to speculate, we might infer from the evidence that his senses were numbed and confused from lack of sleep.

We are mindful that it is only in clear cases that the court has authority to decide questions of negligence as a matter of law. It is generally a jury question. But where, in the evidence, there is no reasonable ground for two opinions it then becomes a matter of law and not a question of fact for the jury. Under the record in this case there is no reasonable ground for but one opinion and that is that the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence, if indeed the evidence shows any negligence on the part of the defendant. *Taylor* v. *Morgan*, 54 *Ga. App.* 426 (188 S. E. 44). We doubt if there is any one subject in our law that has given rise to as many decisions and as much research as that of negligence, and it is a general rule that usually each must stand or fall on its own facts. We will not cite at length any further statutes or decisions except to call attention to the decisions which the plaintiff cites. We do this without comment further than to say that on a

close study of the cases they are not in conflict with the decision in the instant case. They are: *Bach* v. *Bragg,* 53 *Ga. App.* 574 (186 S. E. 711); *Payne* v. *A. B. C. Truck Lines,* 61 *Ga. App.* 36 (5 S. E. 2d, 590); *Wilson* v. *Pollard,* 62 *Ga. App.* 781 (10 S. E. 2d, 407).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*