### 32777. GEORGIA POWER COMPANY *v.* BLUM *et al.*

D<small>ECIDED</small> N<small>OVEMBER</small> 23, 1949. R<small>EHEARING</small> <small>DENIED</small> D<small>ECEMBER</small> 14, 1949.

620

*Miller, Miller & Miller,* for plaintiff in error.

*Davis & Friedin, S. Gus Jones, Harris, Harris, Russell & Weaver,* contra.

TOWNSEND, J., (After stating the foregoing facts.) ■ The defendant filed its plea to the jurisdiction alleging that the venue of this suit should be in Bibb County where the collision occurred, under Code § 94-1101, providing that all actions for damages against electric companies must be brought in the county in which the cause of action originated, and that "any judgment rendered in any county other than the one herein designated shall be utterly void." In an action for damages against a railroad company and an employee thereof, brought in the county of residence of the latter, for an assault committed by an employee, it was held in *Central of Georgia Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989): "A railroad company is liable as a trespasser to a passenger for an unjustifiable assault made upon him by the conductor of the train . . and the courts of the county of the latter's residence have jurisdiction, under the provisions of paragraph 4 of section 16 of article 6 of the Constitution of this State [Code § 2-4904], to try and determine a joint suit against them, although such county is not the county in which the cause of action originated nor the county of the residence of the railroad company."

It is contended, however, that the only acts of negligence alleged against the defendant are the negligent failure to exercise due care in certain particulars, and that none of these acts of nonfeasance amounts to a trespass against the plaintiff. That one who parks an automobile which becomes involved in a collision is not guilty of a trespass, has frequently been held in Texas, and the defendant relies strongly on this line of decisions. Examination thereof, however, indicates that the cases cited arose under Tex. Rev. St. § 1995 (9), fixing venue in the common-law action of trespass, and did not involve cases of joint defendants, which are covered by Tex. Rev. St. § 1995 (4), allowing suits in such cases to be brought in the county of residence of either defendant. This latter principle, thus established by statute in Texas, has in Georgia been similarly established by judicial decision. In *Cox* v. *Strickland*, 120 *Ga.* 108 (supra), interpreting the constitutional-venue provision as to joint trespassers, it was held that it "evidently intended to declare what might be the venue in suits where persons were jointly liable *for a tort*." On the authority of the *Cox* case, it

was held in *Albany Coca-Cola Bottling Co.* v. *Shiver,* 63 *Ga. App.* 755 (12 S. E. 2d, 114), that *"joint tort-feasors* may be sued together in the county in which either one resides." There is no distinction between torts of misfeasance and torts of non-feasance, so far as the venue provision is concerned. See also *Southern Ry. Co.* v. *Rome,* 179 *Ga.* 449 (supra), where the Supreme Court, on the same authority, reversed a decision of the Court of Appeals with the statement, that "In this State 'tort' and 'trespass' are treated as interchangeable terms." It might also be added that, if this suit were brought in Bibb County, the codefendants, Dr. and Mrs. Waters, could not be joined, as the county where the cause of action arose does not happen to be the county of residence of any defendant, and for this additional reason the venue was properly laid.

The grant of a motion to strike the plea to the jurisdiction was therefore without error.

■ The defendant, Georgia Power Company, filed general demurrers on the grounds: (1) the petition set out no cause of action as to it; (2) the negligence of Mrs. Waters was the proximate and sole proximate cause of the injury; and (3) Mrs. Waters could, in the exercise of ordinary care, have avoided the injury.

We eliminate from this discussion all cases not involving guests charging concurring negligence against joint defendants, and also all cases where the acts of negligence charged were not sufficient to constitute negligence per se or common-law negligence, as well as all cases involving directed verdicts where the proof fell short of the negligence as alleged in the petition. From those remaining, we now list a number in support of the defendant's contention that the general demurrers should have been sustained. In *Davis* v. *Tanner,* 75 *Ga. App.* 296 (43 S. E. 2d, 165), it was held that the host driver, colliding with the rear of a bus, which had stopped to discharge a passenger and preparatory to making a left turn, was proximately responsible for the collision as a matter of law. In *Horton* v. *Sanchez,* 57 *Ga. App.* 612 (195 S. E. 873), it was held that, where one stopped in such manner as to block the road to pick up a passenger and the passenger was injured in a collision between that car and the car of a third party, the defendant was not liable because

"it is not made to appear that the third party could not . . have avoided the consequences of the defendant's act."

In *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643), it was held that the injuries were occasioned solely by want of ordinary care of the host driver, and that the negligence of the codefendant railroad in failing to maintain a flagman, gate, bell, or other warning was not a concurrent cause thereof. In *Carroll* v. *Ga. Power Co.*, 47 *Ga. App.* 518 (171 S. E. 208), the host automobile collided with a streetcar parked without lights on a siding at twilight, and the codefendant, Georgia Power Company, was dismissed on demurrer. In *L. & N. Ry. Co.* v. *Patterson*, 77 *Ga. App.* 406 (49 S. E. 2d, 218), the court, in discussing a charge in a case involving the death of a minor guest in an automobile collision with a train, held: "We think the charge would also be applicable if the jury found that the railroad was negligent, but that Miley Patterson could have by the exercise of ordinary care discovered the negligence of the defendant and could have avoided the injuries by the exercise of ordinary care. In the latter situation, under the law of this State, the negligence of Miley Patterson (the driver) would be in law the sole proximate cause of the injury." A similar conclusion was reached in *Anderson* v. *Collins & Glennville R. Co.*, 47 *Ga. App.* 722 (171 S. E. 384). All these cases deal with codefendants charged either with negligence per se or common-law negligence, relieving them as a matter of law from liability because the host defendant was found to have the sole proximate responsibility for the collision, or because he could have avoided the same in the exercise of ordinary care.

On the other hand, the following are among the decisions holding that, where injuries are alleged to have resulted from the concurring negligence of a host car, guilty of lack of slight care, and a third party, guilty of lack of ordinary care through violation of a statute or otherwise, the question of negligence should be for the jury to decide. In *Eidson* v. *Felder*, 68 *Ga. App.* 188 (22 S. E. 2d, 523), the host car collided with the rear of a bus blocking the roadway preparatory to making a left turn. In *Co-Op. Cab Co.* v. *Preston*, 67 *Ga. App.* 580 (21 S. E. 2d, 251), a taxicab, stopping suddenly in front of the host bus, as alleged, was held solely responsible for the injuries in a jury verdict

affirmed in this court; in *Southern Stages* v. *Clements,* 71 *Ga. App.* 169 (30 S. E. 2d, 429), a truck collided with the rear of a bus stopping at the foot of an incline preparatory to crossing a bridge. In *Longino* v. *Moore,* 53 *Ga. App.* 674 (187 S. E. 203), an intersection collision was involved, acts of very gross negligence against the host being alleged. In *Payne* v. *A. B. C. Truck Lines,* 61 *Ga. App.* 36 (5 S. E. 2d, 590), the host car, endeavoring to pass another vehicle, collided with a truck illegally parked on the roadway on a dark night. In *Cone* v. *Davis,* 66 *Ga. App.* 229 (17 S. E. 2d, 849), it was held that a sudden stop may be excused by emergency, but, "if the driver of the front car himself was the cause of the emergency, he can not take advantage of this principle of law." In *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532 (96 S. E. 573), and *Southern Cotton Oil Co.* v. *Wallace,* 27 *Ga. App.* 415 (108 S. E. 624), the question of whether the negligence of a motorist concurred with that of a business establishment in emitting a dense cloud of smoke from its premises was left for the jury. In *Williams* v. *Grier,* 196 *Ga.* 327 (26 S. E. 2d, 698), it was held that, where one illegally parked a truck in such a way as to obstruct the vision of two colliding motorists, the question of concurrent negligence was for the jury. In *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754 it was held a question for the jury whether the operator of a truck, illegally parked on the roadway for repair, exercised the necessary degree of care to avoid being struck by the host vehicle. This decision was followed in Woods *v.* Gettelfinger, 105 Fed. 2d, 549, under similar facts.

Two other cases should be noted: *Pullen* v. *Georgia Stages,* 62 *Ga. App.* 592 (9 S. E. 2d, 104), and *Cain* v. *Ga. Power Co.* 53 *Ga. App.* 483 (186 S. E. 229). Both deal with injuries to a minor who stepped out from behind a bus illegally parked and was injured by a passing motorist. In both cases the demurrers of the defendant bus companies were sustained and the petitions dismissed as to them, the court holding in each case that the intervening acts of negligence of the motorists constituted the proximate cause of the injuries. In *Williams* v. *Grier,* supra, the Supreme Court cited these decisions and stated: "We are unable to approve either of these precedents as related to proximate cause."

Turning now to other jurisdictions, the general rule is that questions as to proximate cause, in cases where it is alleged that the wrongful act of stopping on a highway is a concurrent proximate cause of injury, are peculiarly matters for the jury when a third party guest is the injured plaintiff. See 131 A.L.R., Ann., p. 605. The concurring negligence of the host is no defense to the codefendant in such cases. White v. Carolina Realty Co., 182 N. C. 536 (109 S. E. 564); Capital Motor Lines v. Gillette, 235 Ala. 157 (177 So. 881); Hernandez v. Pensacola Coach Corp., 141 Fla. 441 (193 So. 555); Falgout v. Younger (La. App.) 192 So. 706. In Owen Motor Freight Lines v. Russell, 260 Ky. 795 (86 S. W. 2d, 708), it was held that the negligence of the driver of one truck in stopping the truck on the highway abreast of another truck is not excused by the driver of the latter truck in stopping it unlighted on the highway at nighttime, but the concurring negligence of both was the proximate cause of the injury. See also Fontaine v. Charas, 87 N. H. 424 (181 Atl. 417); Godfrey v. Queen City Coach Co., 201 N. C. 264 (159 S. E. 412); Richmond Coca-Cola Bottling Works v. Andrews, 173 Va. 240 (3 S. E. 2d, 419).

It is apparent from all these authorities that, although each case must be decided upon its own facts, and in such circumstances it is unlikely that any two sets of facts will be identical, nevertheless, the widely divergent precedents here cited must result in some confusion. After full consideration, this court is of the opinion that, in all cases where the minds of reasonable persons may disagree as to whether an act alleged to be negligent is in fact negligence, as well as in all cases where reasonable minds may disagree as to whether the negligence alleged concurred with the negligent acts of third persons as a proximate cause, these questions should go to a jury for decision. "The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts . . contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause." *Eidson* v. *Felder*, supra.

Confusion has undoubtedly arisen in the distinction between "concurrent causes" and "intervening causes," as illustrated in

*Pullen* v. *Georgia Stages* and *Cain* v. *Ga. Power Co.,* supra. In 38 Am. Jur. 715, § 63, a "concurrent cause" is defined as "a cause which was operative at the moment of the injury and acted contemporaneously with another cause to produce the injury, and which was an efficient cause in the sense that except for it the injury would not have occurred." 38 Am. Jur. 721, § 67 defines an intervening cause as "one which operates, in succession to a prior wrong, as the proximate cause of an injury. . . Accordingly, it may or may not be a good defense, as the circumstances may differ, for a defendant charged with the commission of a negligent act to show that such act, although in truth negligent, would not have resulted in the injuries complained of had it not been for the intervention of an independent cause. . . *If an intervening cause is in reality only a condition on or through which a negligent act or omission operates to produce an injurious result,* or is set in motion by the original negligence, it does not break the line of causation so as to relieve the original wrongdoer." The test is similar to that stated in *Southeastern Greyhound Lines* v. *Gilstrap,* 76 *Ga. App.* 813, 815 (47 S. E. 2d, 166) that if the acts of negligence charged against the joint defendants are such that they are interwoven with and dependent upon the acts of negligence charged against the codefendants so that the negligence of all is required to constitute the proximate cause, in that event, the defendants are jointly liable.

The instant petition charges negligence as a matter of law against the defendant bus company, in that the driver violated Code (Ann.) § 68-314 by stopping a motor vehicle on a highway less than 8 feet from the center line thereof; that he violated § 68-303 (a) in not placing his vehicle while not in motion as near the right side of the highway as practicable; and that he violated § 68-303 (f) in not extending his hand while stopping. We will not consider the latter charge because the petition, in alleging that Mrs. Waters was gazing off at a 90° angle, shows on its face that she would not have seen the hand if extended, and that this particular act of negligence was not therefore a concurrent proximate cause of the collision. However, the allegations of the petition are such that, if supported by evidence, the jury would be authorized to find that Mrs.

Waters would not have collided with the bus had it observed the law and pulled over before stopping to a distance of 8 feet from the center line of the highway. The jury would also be authorized to find that, no matter how gross her negligence may have been, she would not have struck the bus if it had not illegally stopped in front of her. In that case, the collision would not have occurred and the plaintiff who was a guest in her car would not have been injured. The petition, therefore, alleges acts and omissions constituting conduct on the part of both parties which amounts either tō negligence per se or what would authorize the jury to find to be common-law negligence, and, having so found, the jury would be further authorized to find that such negligence on the part of both parties concurred in proximately causing the injury.

Some confusion has apparently also arisen through an erroneous application of Code § 105-603, stating that a plaintiff who by ordinary care could have avoided the consequences to himself of the defendant's negligence is not entitled to recover. This is essentially the doctrine of last clear chance. In the case of *L. & N. Ry.* v. *Patterson, supra,* there is language which might indicate that, where one has an opportunity to avoid the acts of negligence of another and fails to do so, such failure amounts to the sole proximate cause of the injury to a person injured by reason of the negligence of both parties under the last-clear-chance doctrine. We do not believe such language was intended to be so construed, as this rule of law does not apply where a third party, not himself at fault, sues joint tort-feasors. In 92 A.L.R. (Ann.), page 55, it is stated: "It is of first importance in considering the doctrine of last clear chance to recognize its limited scope and function. As already pointed out, whether viewed as a phase of the principle of proximate cause or not, it has no function to perform unless the injured person was himself chargeable with negligence which, apart from the doctrine, would preclude recovery." In guest cases wherein the negligence of the host is not imputable under the theory of joint adventure or some other theory of law, and where the guest plaintiff himself is guilty of no negligence, the mere fact that the host was grossly negligent can not operate to invoke the last-clear-chance doctrine, the injured person himself not being

chargeable with contributing to his injuries.    In *Longino* v. *Moore*, 53 *Ga. App.* 675 (187 S. E. 203), it was held as follows: "The fact that the defendant host may be charged with having contributed to the injury by reason of being guilty of gross negligence does not necessarily imply that the exercise of even slight care by the host would have avoided the injury, with the result that such gross negligence necessarily constituted the sole and proximate cause thereof.  Such an allegation of gross negligence on the part of the host, whose negligence would not be imputable to the guest, would not debar the guest from a right to recover, if the injury was brought about by the joint operation of gross negligence by the host and lack of ordinary care by the other defendant, combining naturally and directly to produce the single injury, provided the plaintiff guest exercised the degree of ordinary care incumbent upon him.    *McGinnis* v. *Shaw*, 46 *Ga. App.* 248 (167 S. E. 533)."

We therefore conclude:    (1)   Where certain conduct is alleged to be negligent, it is a jury question to determine whether or not such conduct constitutes negligence, if reasonable minds might differ upon the question. See *Jordan* v. *Lee*, 51 *Ga. App.* 99 (179 S. E. 739); *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106 (43 S. E. 443); *Macon Telegraph Publishing Co.* v. *Graden*, 79 *Ga. App.* 230 (53 S. E. 2d, 371).   When, on the other hand, the sole conclusion to be reached is that the acts alleged do not amount to negligence, then the court must hold as a matter of law that the defendant is not negligent.  See *Lester* v. *Foster*, 40 *Ga. App.* 500 (150 S. E. 433); Moody *v.* Gulf Rfg. Co., 142 Tenn. 289 (218 S. W. 817); *Macon Telegraph Publishing Co.* v. *Graden*, supra.   (2)   When the allegations, if supported by evidence, are sufficient to constitute a jury question as to whether or not the negligence exists, then, in determining whether or not the same constitutes the proximate cause of the injury, no general rule can be laid down, as each case must depend for solution upon its particular facts. See *Georgia Ry. &c. Co.* v. *Ryan*, 24 *Ga. App.* 288 (100 S. E. 713); *Eidson* v. *Felder*, supra.  However, there too it is a jury question if reasonable minds might differ as to whether such negligence constitutes the proximate cause of the injury.   On the other hand, if the sole conclusion to be reached is that such negligence does not constitute the proximate

or concurrent proximate cause of the injury, then the court must hold as a matter of law that the defendant is not liable.

The order of the trial court overruling the general demurrers to the petition was without error.

■ Special demurrers were interposed to parts of paragraphs 4 and 5 of the petition, alleging knowledge by the driver of the bus as to certain facts pleaded, and that the driver "failed to make himself acquainted" with other facts pleaded, it being shown in what way the knowledge was available to him. Such statements are not demurrable as conclusions, but are allegations of ultimate material facts. See *Warner Bros. Pictures* v. *Stanley*, 56 *Ga. App.* 85 (6) (192 S. E. 300); *Nelson* v. *Estill*, 190 *Ga.* 235 (3) (9 S. E. 2d, 73).

Special demurrers are directed to allegations of negligence on the part of the bus driver, "in failing to anticipate that Mrs. Waters would violate traffic regulations while he himself was violating the law," and "in failing to move the bus forward and to the right, although he was either actually aware or could by the slightest degree of care make himself aware of her misconduct . . by the use of . . the mirrors described herein," on the ground that there was no duty on the driver to anticipate or become aware of such negligence. In *Williams* v. *Grier*, 196 *Ga.* 327, 338 (supra), it was held: "But the defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might disobey the traffic laws and regulations. *Central Railroad & Banking Co.* v. *Smith*, 78 *Ga.* 694 (4) (3 S. E. 397); *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (8) (118 S. E. 488)." If the defendant was in violation of Code (Ann.) §§ 68-314 and 68-303 (a) and (f), his failure to anticipate injuries concurrently resulting from traffic violations by other drivers was an act of negligence, and these grounds of demurrer were properly overruled.

(c) There is no merit in the remaining grounds of special demurrer.

The trial court did not err in overruling the demurrers and in sustaining the motion to strike the plea to the jurisdiction.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*