## 33283. ARRINGTON *v.* TRAMMELL.
## 33282. ATLANTIC COAST LINE R. CO. *v.* TRAMMELL.

DECIDED OCTOBER 26, 1950. REHEARING DENIED DECEMBER 15, 1950.

*Lokey & Bowden,* for Arrington.

*MacDougald, Troutman, Sams & Schroder,* for Atlantic Coast Line R. Co.

*Hewlett & Dennis, T. F. Bowden,* for Trammell.

TOWNSEND, J. (After stating the foregoing facts.)

As stated in the briefs of counsel, the sole issue before this court is whether there was any evidence to authorize a finding by the jury that the conduct of the defendant amounted to wantonness, as alleged. For the reason that the employee was riding a free pass, issued pursuant to the Hepburn Act (49 U.S. C.A., Sec. 1 (7)) mere negligence on the part of the railroad company and its servants would be insufficient to sustain a cause of action against it. *Wright* v. *Central of Ga. Ry. Co.,* 18 *Ga. App.* 290 (89 S. E. 457) ; *Forster* v. *Southern Ry. Co.,* 39 *Ga. App.* 216 (146 S. E. 516). Whether, as against the engineer as an individual, it would be necessary to show more than ordinary negligence is not considered because the plaintiff must prove his case as laid, and after electing to rely upon count three alone for his recovery, questions involving mere negligence as set out in counts one and two are not here for consideration.

The decision here must depend upon a definition of the word "wanton," upon its application to the facts of this case, and upon a decision, after so applying it, as to whether there is sufficient evidence to authorize a verdict in favor of the plaintiff. For the very reason that the words "wilful and wanton negligence," and "wilful and wanton misconduct" and "reckless disregard of the rights of others" have been so frequently defined and so widely applied, it is the more difficult to reach a clearcut decision in many instances, and this is a close case. The rule has frequently been stated that the plaintiff cannot recover unless the defendant's conduct "was such as to evidence a wilful

intention to inflict the injury, or else was so reckless or so charged with indifference to the consequences . . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent. *Lanier* v. *Bugg*, 32 *Ga. App.* 294, 297 (123 S.E. 145); *Central of Ga. Ry. Co.* v. *Moore*, 5 *Ga. App.* 562 (1) (63 S. E. 642); *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S.E. 256); *Pressley* v. *Atlanta & West Point R. Co.*, 48 *Ga. App.* 382 (172 S. E. 731); *Richardson* v. *Pollard*, 57 *Ga. App.* 777 (2-5) (196 S.E. 199); *Forster* v. *Southern Ry. Co.*, 39 *Ga. App.* 216 (2) (supra); *Southern Ry. Co.* v. *Davis*, 132 *Ga.* 812 (65 S.E. 131). As stated in *Central Ry. Co.* v. *Moore*, supra, "The plaintiff's right of recovery turns solely on the question as to whether the defendant's engineer acted wilfully and wantonly, *that is to say, intentional or reckless disregard of human life*, by not giving any warning and by allowing the engine to run on and strike the plaintiff whom he saw sitting in his intoxicated condition. . . If the defendant's engineer did this, if he acted in this spirit and not in simple carelessness or bad judgment, the plaintiff ought to recover such damages as he can legally show to the satisfaction of the jury; otherwise he ought not to recover at all." (Italics ours).

It is not here contended that the engineer conceived the intent to injure the plaintiff, but that the same effect resulted from his wantonness or reckless disregard of human life in running the train in the manner and under the circumstances in which he did and while chargeable with knowledge of the probable result of such acts on his part. Reckless disregard of another's safety differs from both ordinary and gross negligence. It differs "from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference of kind." Restatement of the Law, Torts, Ch. 19, § 500 (g). However, intentional (wilful) misconduct and reckless (wanton) mis-

conduct have been differentiated as follows: "While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realize or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct may prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results." Id., § 500 (f). And, "in order that the actor's conduct may be in reckless disregard of the bodily security of others, it must not only involve a high degree of probability that death or serious bodily harm will result therefrom, but the circumstances must be such that the risk so created is unreasonable," that is, not justified by the end to be attained. Id., § 500 (2). In this case the end to be attained was to prevent the loss of the seconds or minutes of running time involved by slowing down the train; the risk run, of course, was the absolute certainty of derailment if the switch was open. Under the definition of wantonness as reckless disregard of human life in *Central Ry. Co.* v. *Moore,* supra, a jury question is presented as to whether the act done created a "strong probability" that harm might result. As noted above, however, in other cases our courts have appeared to demand an even stronger case, that is, proof that the misconduct is reckless in the degree that the jury would be justified to find it equivalent in spirit to actual intent.

In the present case, the defendant engineer knew that he was approaching a switch. He knew the speed at which he was traveling. He knew that if he entered the switch at that speed and it was open the train would derail and bodily injury almost certainly result. He knew that he looked for the signal as he rounded the curve but was unable to see it. The jury was at liberty to believe that he did not see it because of the dusk, or to believe that it was not dusk and that he did not see it because it was imperfectly displayed. The engineer knew that an imperfectly displayed signal would be difficult to see, and that it was the most restrictive indication the signal was capable of giving.

Chargeable with knowledge of these things, he continued at a high speed until he had reached a point too close to the switch

to enter it safely. The jury by its verdict constituted this conduct, not intentional, but so reckless as to be *equivalent in spirit* to intent.

Whether certain specified conduct amounts to slight negligence, ordinary negligence, or gross negligence, is a question for the determination of the jury where the conduct is such that different minds might reasonably draw different conclusions therefrom. *Southern Stages* v. *Clements,* 71 *Ga. App.* 169 (2) (30 S.E. 2d, 429); *Flannigan* v. *State,* 136 *Ga.* 132 (70 S.E. 1107); *Jordan* v. *Lee,* 51 *Ga. App.* 99 (179 S.E. 739); *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S.E. 443); *Macon Telegraph Pub. Co. Co.* v. *Graden,* 79 *Ga. App.* 230 (53 S.E. 2d, 371); *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S.E. 2d, 18). Whether certain conduct amounts to wantonness is a jury question if reasonable minds might disagree as to whether or not it is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit of actual intent. On the other hand, where such conduct is susceptible of but one inference that it is not negligent, or, in cases of wantonness, that it is not wanton, and reasonable minds could draw only such inference therefrom, then the absence of negligence, or the absence of wantonness, is a question of law for the determination of the court. *Georgia Power Co.* v. *Blum,* supra; *Lester* v. *Foster,* 40 *Ga. App.* 500 (150 S.E. 433).

Counsel for the plaintiff cite numerous cases involving railroad passes, injuries to trespassers, etc., in which the decision hinged upon the question of whether the acts of the defendant amounted to wilful and wanton misconduct, among them the following: Evans *v.* Texas Pacific-Missouri Pacific Terminal R., 134 Fed. 2d, 275; Pennsylvania R. Co. *v.* Goldie, 182 Fed. 2d, 9; New York Central R. Co. *v.* Mohney, 252 U. S. 152 (40 Sup. Ct. 287, 64 L. ed. 502); Bonzik *v.* Delaware & Hudson R. Corp., 25 Fed. Supp. 435; *Central R. & Bkg. Co.* v. *Denson,* 84 *Ga.* 774 (11 S.E. 1039); *Atlantic Coast Line R. Co.* v. *O'Neal,* 180 *Ga.* 154 (178 S.E. 451); Bremer *v.* Lake Erie & W. R. Co., 318 Ill. 11 (148 N.E. 862, 41 A.L.R. 1345). Without discussing them in detail, examination of the facts, especially in the Federal decisions, indicates that our courts have frequently, on facts no stronger than those in the instant case, held that the jury

was authorized to find the conduct alleged amounted to wantonness. These decisions are good authority that reasonable minds disagree as to whether or not conduct comparable to that here shown on the part of the engineer amounts to such wantonness as to support a verdict based thereon. There has often been a disagreement in the minds of reasonable men as to whether the disregard of a signal, the disregard of a human being, the disregard of an object in plain view, or other similar circumstances, amounts to wantonness. Even Judge Hutcheson, dissenting from the judgment of affirmance in Evans *v*. Texas Pacific-Missouri &c. R., supra, states that, as to wanton and reckless negligence, "the facts must show either that the party knew his conduct would inflict injury or the facts must show that on account of the attending circumstances, which were known to him, or a knowledge of which he was chargeable with, the inevitable or probable consequences of his conduct would be the infliction of injury, and with reckless indifference to the consequences committed the act."

Counsel for the defendants insist that the element of wantonness is taken out of the conduct of the engineer because the evidence is undisputed that he had operated trains over this same track and by this signal for years and had never found it other than a clear signal indicating a closed switch unless he had previous information that he was to take that siding on account of meeting a train, and that on this particular occasion he had previous information that he was to meet no train at this point or any other point before he reached his destination in Atlanta. The jury had a right to find, however, that the conduct of the engineer in disregarding a signal and the rule of the railroad company which in substance directs that employees shall regard the absence of a signal or an imperfectly displayed signal at a place where a signal is usually shown as the most restrictive indication of danger, was such as to amount to wantonness on his part and that the information which he received from proper railroad authorities that he was to meet no train was not sufficient to relieve him. The switch could become opened and the danger signal appear, or the signal become imperfectly displayed, for reasons other than the approach of a train. Indeed, this appears to be what happened. Had mere information re-

layed by the proper authorities of the railroad company that he was to meet no train, been regarded as sufficient precaution, there would have been no occasion to locate a signal there at all. The signal having been located there, the jury had a right to find it was the duty of the engineer to abide by it and his failure to do so amounted to wantonness.

The verdict is authorized by the evidence and, having the approval of the trial court, it will not be disturbed by this court.

The trial court did not err in overruling the motions for new trials.

*Judgment affirmed.   MacIntyre, P.J., and Gardner, J., concur.*