73199. CRAFT v. PREBLE.
(355 SE2d 746)

McMURRAY, Presiding Judge.

This is a wrongful death action. Plaintiff's decedent, Ida Mae Craft, had been institutionalized off and on for 33 of her 45 years. She was mildly retarded and had some brain damage.

Defendant was an employee of the State of Georgia and was working for the Stephens County Board of Health through the Department of Human Resources in the Stephens County Mental Health Clinic. At all pertinent times, defendant was acting within the scope of her public employment. Defendant worked within the supportive living program, the goal of which was to make the individual clients, such as Ida Mae Craft, as independent as possible. The responsibilities of defendant were to encourage and work with those providing homes to the clients on problems that came up and to be liaison between the home provider and the clients' primary therapist (a/k/a case manager). Defendant provided these services to approximately 35 clients including Ida Mae Craft.

For over a year prior to May 31, 1983, Ida Mae Craft had lived in a supportive living home. On May 31, 1983, Ida Mae Craft left that home and refused to return. Defendant arranged for accommodations for Ida Mae Craft at the Trav-Air Motel. Ida Mae Craft remained at the Trav-Air Motel until she disappeared on or about June 7, 1983. On June 11, 1983, the body of Ida Mae Craft was found in Lake Hartwell, where she had drowned.

Plaintiff's amended complaint alleges that "the act of defendant in placing Ida Mae Craft in Trav-Air Motel, a facility not approved to house mentally ill people, was willful, wanton or malicious." Following discovery defendant moved for summary judgment. Plaintiff appeals the grant of summary judgment in favor of defendant. *Held*:

Plaintiff's action is predicated upon an alleged erroneous exercise of discretion by a governmental officer acting within the scope of the officer's authority. Therefore, defendant is immune from liability unless her actions are willful, malicious or corrupt. *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878); *Roberts v. Grigsby*, 177 Ga. App. 377 (1) (339 SE2d 633).

Plaintiff places a great deal of reliance upon the fact that the Trav-Air Motel was not licensed as a personal care home. (The regulation governing personal care homes may be found in Rules and Regulations of the State of Georgia, Vol. IV, Chap. 290-5-35-.01 et seq.) However, defendant's uncontroverted evidence is that during the pertinent time period there was no prohibition on placing supportive living program clients in facilities which were not licensed personal care homes.

Defendant had been placing clients in motels, on a temporary basis, including Trav-Air Motel with the approval of her supervisor and had previously placed Ida Mae Craft in a motel for three or four weeks during which "[s]he did pretty well." When clients were placed in a motel there was no personal care home provider and the clients would have to take care of themselves. However, there is nothing in the record suggesting that such temporary placement was beyond the capability of the clients generally or of Ida Mae Craft individually.

In summation, we note that a thorough review of the record fails to reveal any evidence of that extreme misconduct which is characterized as willful, wanton, malicious or corrupt. See *Arrington v. Trammell*, 83 Ga. App. 107, 110 (62 SE2d 451); *Carpenter v. Forshee*, 103 Ga. App. 758, 773 (120 SE2d 786). Nor is there any evidence that the placement of Ida Mae Craft at the Trav-Air Motel was the proximate cause of her death. Consequently, the trial court did not err in granting summary judgment in favor of defendant.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 1, 1987.

*James E. Cornwell, Jr.*, for appellant.
*John A. Dickerson*, for appellee.